The Honorable John C. Coughenor

FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 17 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR18-090 JCC |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| THOMAS MAHONEY, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Cecelia Y. Gregson, Special Assistant United States Attorney for said District, Defendant THOMAS MAHONEY and his attorney, Jesse Cantor, enter into the following Agreement, pursuant to the Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Superseding Information, agrees to waive that right and enter pleas of guilty to the charges brought by the United States Attorney in a Superseding Information.

2. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following charges contained in the Superseding Information.

PLEA AGREEMENT - 1
United States v. Thomas Mahoney, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Travel with Intent to Engage in a Sexual Act with a Minor, as charged in Counts 1 through 3 of the Information in violation of Title 18 United States Code, Section 2423(b).

b. Enticement of a Minor, as charged in Count 4 of the Information, in violation of Title 18, United States Code, Sections 2422(b), 2427.

3. **Charging document.** By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his pleas of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

4. **Elements of the offense.**

a. The elements of the offense of Travel with Intent to Engage in a Sexual Act with a Minor as charged in Counts 1 through 3, in violation of Title 18, United States Code, Section 2423(b), are as follows:

**First,** the defendant did knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor;

**Second,** the sexual conduct would constitute a violation of Title 18, United States Code, Chapter 109A; and

**Third,** the minor victim was under the age of eighteen years at the time.

Sexual conduct, that is, a sexual act is defined in 18 United States Code Section 2246 means contact between the penis and the vulva or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration however slight; contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; the penetration, however slight, of the anal or genital opening of another by a hand or finger or by an object with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age

PLEA AGREEMENT - 2
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

      b.    The elements of the offense of Enticement of a Minor as charged in Count 4, in violation of Title 18, United States Code, Sections 2422(b) and 2427 are as follows:

**First**, the defendant used a means or facility of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce an individual under the age of eighteen to engage in sexual activity;

**Second**, the defendant believed that such individual was under the age of eighteen; and

**Third**, a person could have been charged with a criminal offense for engaging in the specified sexual activity, to wit: the production of a visual depiction that involves the use of a minor engaging in sexually explicit conduct.

"Visual Depiction" as defined in Title 18, United States Code, Section 2256(5), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

"Sexually explicit conduct," as defined in Title 18, United States Code, Section 2256(2), means actual or simulated – (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.

PLEA AGREEMENT - 3
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **The Penalties.** Defendant understands that the statutory penalties applicable to Counts 1 through 3, Travel with Intent to Engage in a Sexual Act with a Minor, are as follows: imprisonment for not more than thirty (30) years, a fine of up to $250,000, a period of supervision following release from prison of between five (5) years and life, a mandatory special assessment of $100, and a $5,000 penalty assessment unless the Court determines that the Defendant is indigent. The Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

The Defendant understands that the statutory penalties applicable to Count 4, Enticement of a minor, are as follows: imprisonment for not less than ten (10) years nor more than life, a fine of up $250,000, a period of supervision following release from prison of between five (5) years and life pursuant to Title 18, United States Code, Section 3583(k), and a special assessment of $100. Defendant agrees that the special assessment shall be paid at or before the time of sentencing. Defendant also understands that unless the sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

PLEA AGREEMENT - 4
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on his behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

7. **Forfeiture of Assets.** Defendant agrees to immediately forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a), Defendant's right, title, and interest in any and all property, real or personal, that was used or intended to be used to commit or to promote the commission of the charged offense, and any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110, including but not limited to, the following assets:

PLEA AGREEMENT - 5
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Any and all images of child pornography, in whatever format and however stored;

b. Lenova Laptop;

c. Dell Inspiron Laptop;

d. Samsung Galaxy S7 Cell Phone;

e. Samsung Galaxy S8 Cell Phone; and

f. ~~Cyberpower C Series.~~

With respect to computers, digital devices, and digital or electronic media, the Defendant agrees to forfeit the items and all files, data, and other contents of the items.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offenses:

a. Sometime in 2015 or 2016, when MV was approximately thirteen-years-old, the defendant sent a friend request to her Facebook account and the two began electronically communicating. In July 2016, a week following MV's fourteenth birthday, the defendant (then twenty-three-years-old), had sexual intercourse with MV in his Bellevue, Washington home. From that date until October 31, 2017, the defendant repeatedly traveled to meet with MV and created videos and images in which he used MV to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct.

b. On an occasion on March 25, 2017, in a Seattle, Washington hotel the defendant enticed fifteen year old MV to engage in sexually explicit conduct including vaginal or oral sexual intercourse for the purpose of producing a visual depiction of the sexual acts using the devices listed above in Paragraph 7. Each of these visual depictions created by the defendant was previously shipped in interstate or foreign commerce and/or produced using materials that had been shipped in interstate or foreign commerce.

c. On three occasions following MV's relocation to the State of California in September 2016, the defendant traveled from Washington State to

PLEA AGREEMENT - 6
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

California to engage MV in sexual intercourse. On November 29, 2016, May 15, 2017, and August 31, 2017, the defendant knowingly traveled in interstate commerce from Seattle, Washington to the California for the purposes of engaging in illicit sexual conduct, including vaginal and oral sexual intercourse with MV, who was age fourteen and fifteen-years-old during that period of time. A video recovered from the defendant's Samsung Galaxy cell phone depicts the defendant engaged in vaginal intercourse with MV acknowledging MV was "*only 14*" at the time.

9. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

PLEA AGREEMENT - 7
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

   e. Pursuant to the defendant providing a sexual deviancy evaluation for purposes negotiation and in return for the defendant's agreement to provide the evaluation to the Court and to U.S. Probation, the government further recommends a three level variance.

  10. **Sentencing Recommendation**. The government and defense agree to recommend a total term of imprisonment of 120 months. Defendant understands and acknowledges that these recommendations are not binding upon the Court, and the Court remains free to impose any sentence up to the statutory maximum. Defendant also understands and acknowledges that the Government remains free to recommend whatever it believes is appropriate with respect to other aspects of the sentence.

  11. **Acceptance of Responsibility**. At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  12. **Registration as a Sex Offender**. Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to sex offenses and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and/or is a student. Defendant

PLEA AGREEMENT - 8
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

further agrees that for initial registration purposes only, Defendant is also required to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss any remaining counts in the Information, and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Additionally, the Contra Costa County District Attorney's Office, the Snohomish County Prosecutor Attorney's Office and the King County Prosecuting Attorney's Office have agreed to be bound via non-prosecution letters based upon the evidence in their possession at this time that gave rise to this investigation.

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

PLEA AGREEMENT - 9
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Information that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the Court. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

PLEA AGREEMENT - 10
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

  This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241 to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

  If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  16. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

  17. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//

PLEA AGREEMENT - 11
*United States v. Thomas Mahoney*, CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington and the Snohomish, King, and Contra Costa County Prosecutor's Offices as detailed the respective non-prosecution letters provided by those state agencies. It does not bind any other United States Attorney's Office.

DATED this 17th day of September, 2018.

_____
THOMAS MAHONEY
Defendant

_____
JESSE CANTOR
Attorney for Defendant

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
CECELIA GREGSON
Special Assistant United States Attorney

PLEA AGREEMENT - 12
*United States v. Thomas Mahoney* / CR18-090JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970