1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO.   CR18-090 JCC |
|---|---|
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | **(FILED UNDER SEAL)** |
| THOMAS MAHONEY, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Cecelia Gregson, Special Assistant United States Attorney, respectfully submits this Sentencing Memorandum.

Defendant Thomas Mahoney pled guilty to three counts of Travel with Intent to Engage in a Sexual Act with a Minor in violation of 18 U.S.C. § 2434(b) and one count of Enticement of a Minor in violation of U.S.C. § 2422(b), and § 2427.  The Plea Agreement included a waiver of Defendant's appellate rights.  Sentencing is scheduled for January 8, 2018, at 9:00 a.m.

For the reasons that follow, the government recommends a total term of imprisonment of one hundred and twenty months (120) followed by ten (10) years of supervision under the conditions recommended by U.S. Probation.  Restitution is expected to be requested by the victim, but has not yet been provided to the government.

///

GOV'S SENTENCING MEMORANDUM - 1
CR18-090 JCC; THOMAS MAHONEY

1

## I.    FACTUAL BACKGROUND

On October 30, 2017, the Contra Costa County District Attorney's Office received a Cyber Report from the National Center for Missing and Exploited Children advising of several sexually explicit messages and images exchanged between Thomas Mahoney, a 24 year-old, and a 15 year-old female victim via Facebook. Among the 99 files exchanged between the defendant and the victim were sexually explicit communications, nude and partially nude images of the victim, images of the victim masturbating, and images of the victim and Mr. Mahoney engaged in sexual intercourse.

In or before 2016, when the victim was approximately 13 years old, Mr. Mahoney sent her a "friend request" via Facebook, and they started communicating electronically, then meeting in person, shortly thereafter. In July 2016, a week after her fourteenth birthday, the minor victim had sexual intercourse with Mr. Mahoney at his Bellevue, Washington, residence. From that day until October 31, 2017, Mr. Mahoney repeatedly met with the victim to engage in sexual intercourse and to create sexually explicit videos and images. For example, on March 25, 2017, Mr. Mahoney enticed the victim into engaging in sexual intercourse so he could create visual images/videos of the sexually explicit conduct using his cellular phone and laptop computer. On another occasion, the victim spent three days at Mr. Mahoney's residence. According to the victim, Mr. Mahoney supplied her with alcohol during that time and they engaged in sexual and oral intercourse each of the three days.

After the victim moved to California with her family in September 2016, she and Mr. Mahoney continued to communicate. On three occasions, specifically November 29, 2016, May 15, 2017, and August 31, 2017, Mr. Mahoney traveled from Washington State to California to engage in illicit sexual conduct, including vaginal and oral intercourse, with the victim who was 14 and 15 years old during that time. According to the victim, during the August 2017 trip, Mr. Mahoney told her he wanted to smoke marijuana with her and video recorded them engaging in sexual activity. Mr. Mahoney provided the victim with marijuana,

GOV'S SENTENCING MEMORANDUM - 2
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

which she had never before consumed, and he produced videos of them engaged in sexual intercourse. Complaint at 11-12 (Dkt. 1). One particular video recovered from the defendant's cellular phone shows Mr. Mahoney engaged in sexual intercourse with the victim, who was 14 years of age at the time.  PSR at 4.

During a return trip to Seattle with her mother in October 2016, the victim met with Mr. Mahoney and they drove back to his residence to engage in sexual intercourse. According to the victim, Mr. Mahoney called her his "sex slave," was mean to her, and did not act like he cared about her. Complaint at 6 (Dkt. 1). When she got back home from her trip to Seattle, she discovered she was pregnant and told the defendant.  Mr. Mahoney told her keep it a secret and tell nobody. Mr. Mahoney then traveled to California in December 2017, where he rented a hotel room for himself and the victim to have sexual intercourse. He told the victim to schedule the abortion for the last day of his trip so he could have sex with her on the days prior. When he dropped her off at the abortion clinic, he handed her $7 for pain medications before making his way out of town.  Complaint at 7 (Dkt. 1), PSR at 4.

## II.   GUIDELINES CALCULATIONS

The maximum term of imprisonment for Travel with Intent to Engage in a Sexual Act with a Minor as charged in counts I-III, is thirty (30) years.  18 U.S.C. § 2423(b).

The government calculates Mr. Mahoney's Guidelines range as follows:

| | | |
|---|---|---|
| Base Offense Level | 24 | USSG § 2G1.3 |
| Commission of sex act | +2 | USSG § 2G1.3(4) |
| Use of computer | +2 | USSG § 2G1.3(b)(6) |
| **Total** | **28** | |

The maximum term of imprisonment for Enticement of a Minor as charged in Count IV, is lifetime imprisonment with a mandatory minimum sentence of one hundred twenty (120) months pursuant to 18 U.S.C. § 2427.

The government calculates Mr. Mahoney's Guidelines range as follows:

GOV'S SENTENCING MEMORANDUM - 3
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Base Offense Level | 32 | USSG § 2G2.1[1] |
| Minor under 16 years old | +2 | USSG § 2G2.1(b)(1)(B) |
| Commission of Sex Act | +2 | USSG § 2G2.1(b)(2)(A) |
| Use of computer | +2 | USSG § 2G2.1(b)(6) |
| **Total** | **38** | |

The defendant entered a timely plea and has accepted responsibility.  Accordingly, a three-level decrease is warranted pursuant to USSG §3E1.1(a) and (b).  Further, the government recommends that the Court grant a three level variance based on Mr. Mahoney's production of a sexual deviancy evaluation.  Thus, his total offense level is 32.  With zero criminal history points, Mr. Mahoney is in Criminal History Category I.  His advisory Guidelines range is therefore 121-151 months.  The parties expressly agreed to a recommend a term of one hundred twenty (120) months imprisonment.

### III.    SENTENCING RECOMMENDATION

A one hundred twenty (120) month term of custody followed by ten (10) years of supervision is sufficient, but not greater than necessary, to accomplish the goals outlined in 18 U.S.C. § 3553(a).

**A.    Term of Imprisonment**

**1.    The Nature and Circumstances of the Offense**

The defendant's sexual interest, manipulation, and abuse of the then newly teenage victim are highly concerning and indelibly impacted the victim's sense of self-worth and life trajectory.  When the victim should have been learning how to build relationships with peers, she was instead entranced and ensnared by the defendant, nearly ten years her senior. One cannot image another period in a human's life where a difference in age, experience, and judgment presents a greater divide than that of a twenty-one-year-old man and a thirteen-year-old child.  Perhaps the defendant's personal issues precluded insightful analysis of his

---

[1] As the offense involved causing the minor to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct, USSG §2G1.3 directs the use of USSG § 2G2.1.

GOV'S SENTENCING MEMORANDUM - 4
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

actions and trespasses against the victim, but that does not lessen the impact felt by the victim.  This crime scarred the victim, weakened her self-esteem, and undermined her understanding of equal, respectful, nourishing romantic relationships.  The damage inflicted by the defendant is undeniable.

**2.      The History and Characteristics of the Defendant**

Mr. Mahoney's lack of conviction history and youth are mitigating factors in this case.  Importantly, the defendant provided a psychosexual examination and reports a willingness to engage in treatment.

**3.      Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct**

There are very few crimes that are more serious than those involving the sexual abuse and exploitation of children.  As a result, Congress has determined that such crimes must be met with substantial punishment, both to deter the conduct itself and to protect children from those who would victimize them.  *See, e.g., New York v. Ferber*, 458 U.S. 747 (1982) (noting, nearly 30 years ago, that the "Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers").

The need for a substantial sentence here is clear, and a sentence of one hundred twenty (120) months' custody is entirely warranted.  Although Mr. Mahoney was charged with and engaged in conduct constituting an offense that carries a fifteen year minimum prison sentence, the government agreed that this was a case in which that minimum should be lifted.  The government nonetheless believes that the offense conduct warrants a substantial custodial term.  A one hundred twenty (120) month term will send a clear message to the community and will hopefully drive home for Mr. Mahoney how important it is that he changes his life for the better.

**4.      Avoiding Unwarranted Sentencing Disparity**

A one hundred twenty (120) month sentence is also appropriate in light of the need to avoid unwarranted sentencing disparities.  Lengthy sentences are common in child

GOV'S SENTENCING MEMORANDUM - 5
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

exploitation cases, and defendants often receiver far lengthier sentences.  Indeed, as noted above, absent the government's agreement to dismiss the production charge, Mr. Mahoney would face a minimum term of fifteen years.  The recommended sentence adequately accounts for the mitigation present in this case and presents no risk of an unwarranted sentencing disparity when compared to those recently sentenced to crimes akin to the defendant for the reasons detailed in the defense sentencing documentation.

**B.    Supervised Release**

The government requests a ten (10) year term of supervision as appropriate in this case.  Given the nature and severity of Mr. Mahoney's conduct.  A ten (10) year term of supervision will provide Mr. Mahoney with much needed structure and support and will provide critical community protection.

IV.    CONCLUSION

For the forgoing reasons, the government respectfully recommends that the Court impose a sentence of one hundred twenty (120) months of imprisonment followed by ten (10) years of supervision.

DATED this 4th day of January 2019.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Special Assistant United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Fax:  (206) 553-0755
Email:  cecelia.gregson@usdoj.gov

GOV'S SENTENCING MEMORANDUM - 6
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

CERTIFICATE OF SERVICE

2      I hereby certify that on January 4, 2019, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system, which will send notification of such filing to

4  the attorney(s) of record for the defendant.

5

6                                              s/ Emily A. Miller
7                                              EMILY A. MILLER
                                               Legal Assistant
8                                              United States Attorney's Office
                                               700 Stewart Street, Suite 5220
9                                              Seattle, Washington 98101-1271
                                               Phone: (206) 553-2267
10                                             FAX:   (206) 553-0755
                                               E-mail: emily.miller@usdoj.gov
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOV'S SENTENCING MEMORANDUM - 7
CR18-090 JCC; THOMAS MAHONEY