The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR18-090 JCC |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S RESTITUTION MEMORANDUM |
| v. | |
| THOMAS MAHONEY, | |
| Defendant. | ***FILED UNDER SEAL*** |

## I. MOTION FOR RESTITUTION

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Cecelia Gregson, Special Assistant United States Attorney, hereby moves the Court for an order of restitution pursuant to 18 U.S.C. § 3664, in the amount of $72,503.39 for the minor victim. Defendant Thomas Mahoney pled guilty to three counts of Travel with Intent to Engage in a Sexual Act with a Minor in violation of 18 U.S.C. § 2434(b) and one count of Enticement of a Minor in violation of U.S.C. § 2422(b), and § 2427. Pursuant to the terms of the Judgment and Sentence, the government was granted permission to present a restitution request following sentencing to allow the victim's family an opportunity to prepare adequate documentation in support of a restitution request. Dkt. 40. In support of the Motion for Restitution, the government filed the following documents under seal:

1. Mahoney Restitution Letter (Ex. 1 pages 2-5);
2. Mahoney Restitution Partial Medical Bills (Ex. 2 pages 7-40); and

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 1
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.   Mahoney Restitution Excel Spread Sheet (Ex. 3 pages 42-43).

Dkts. 42, 44.  On February 27, 2019, the defendant filed a *Response to Restitution Motion* agreeing to restitution for limited historical counseling sessions totaling $3,285.  Dkt. 46.  A hearing has been set for March 5, 2019, at 9:00 a.m.  For the reasons set forth below, the government respectfully request the Court order restitution in the amount sought by the victim's mother totaling $72,503.39.

## II.   FACTUAL BACKGROUND

On October 30, 2017, the Contra Costa County District Attorney's Office received a CyberTip from the National Center for Missing and Exploited Children advising of several sexually explicit messages and images exchanged between Thomas Mahoney, a 24 year-old, and a 15 year-old female victim via Facebook. Among the 99 files exchanged between the defendant and the victim were sexually explicit communications, nude and partially nude images of the victim, images of the victim masturbating, and images of the victim and Mr. Mahoney engaged in sexual intercourse.

In or before 2016, when the victim was approximately 13 years old, Mr. Mahoney sent her a "friend request" via Facebook, and they started communicating electronically, and then meeting in person, shortly thereafter. In July 2016, a week after her fourteenth birthday, the minor victim had sexual intercourse with Mr. Mahoney at his Bellevue, Washington, residence. From that day until October 31, 2017, Mr. Mahoney repeatedly met with the victim to engage in sexual intercourse and to create sexually explicit videos and images. For example, on March 25, 2017, Mr. Mahoney enticed the victim into engaging in sexual intercourse so he could create visual images/videos of the sexually explicit conduct using his cellular phone and laptop computer. On another occasion, the victim spent three days at Mr. Mahoney's residence. According to the victim, Mr. Mahoney supplied her with alcohol during that time and they engaged in sexual and oral intercourse each of the three days.

After the victim moved to California with her family in September 2016, she and Mr. Mahoney continued to communicate. On three occasions, specifically November 29, 2016, May 15, 2017, and August 31, 2017, Mr. Mahoney traveled from Washington State to

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 2
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

California to engage in illicit sexual conduct, including vaginal and oral intercourse, with the victim who was 14 and 15 years old during that time. According to the victim, during the August 2017 trip, Mr. Mahoney told her he wanted to smoke marijuana with her and video recorded them engaging in sexual activity. Mr. Mahoney provided the victim with marijuana, which she had never before consumed, and he produced videos of them engaged in sexual intercourse. Complaint at 11-12 (Dkt. 1).  One particular video recovered from the defendant's cellular phone shows Mr. Mahoney engaged in sexual intercourse with the victim, who was 14 years of age at the time.  PSR at 4.

During a return trip to Seattle with her mother in October 2016, the victim met with Mr. Mahoney and they drove back to his residence to engage in sexual intercourse. According to the victim, Mr. Mahoney called her his "sex slave," was mean to her, and did not act like he cared about her. Complaint at 6 (Dkt. 1). When she got back home from her trip to Seattle, she discovered she was pregnant and told the defendant.  Mr. Mahoney told her keep it a secret and tell nobody. Mr. Mahoney then traveled to California in December 2017, where he rented a hotel room for himself and the victim to have sexual intercourse. He told the victim to schedule the abortion for the last day of his trip so he could have sex with her on the days prior. When he dropped her off at the abortion clinic, he handed her $7 for pain medications before making his way out of town.  Complaint at 7 (Dkt. 1), PSR at 4.

On September 17, 2018, Mr. Mahoney pleaded guilty to a Superseding Information to the charges of Travel with Intent to Engage in a Sexual Act with a Minor as charged in Counts 1 through 3 in violation of Title 18 United States Code Section 2423(b), and Enticement of a Minor as charged in Count 4 in violation of Title 18 United States Code Sections 2422(b), 2427.  Dkt. 25.  The defendant was sentenced to serve ten years in federal prison and is subject to ten years of supervision following release pursuant to the terms of the sentence.  Dkt. 40.

### III.  LEGAL AUTHORITY

"Restitution orders are specifically authorized by the Victim and Witness Protection Act of 1982 ("VWPA"), Pub.L. No. 97-291, 96 Stat. 1248-1258 (codified in part at

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 3
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

U.S.C. §§ 3663-3664 (1988 & Supp.1991))." *United States v. Mills*, 991 F.2d 609, 611 (9th Cir. 1993). The VWPA was enacted "to ensure that the Federal Government does all that is possible within limits of available resources to assist victims and witnesses of crime without infringing on the constitutional rights of the defendant." Pub.L. No. 97-291, 96 Stat. 1249. *Id.* As such, the VWPA authorizes a sentencing court to order a defendant to make restitution to his or her victim. *Id.*

Under 18 U.S.C. § 3663(a)(1), the district court has the authority to issue a restitution order. Section 3664 provides that in determining whether to order restitution and the amount of restitution, the court shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. 18 U.S.C. § 3664(d)(3), (e), (f)(1)(A).

The United States submits that the requested restitution in this case is permitted pursuant to 18 U.S.C. § 3363(a)(1)(A), which provides that the district court may order that a defendant make restitution to "*any* victim" of the defendant's offense provided the government establish the offenses "directly and proximately" caused a victim a loss that restitution can compensate. 18 U.S.C. § 3663(a)(1),(2). *See Hughey v. United States,* 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); *see also United States v. Koenig,* 952 F.2d 267, 275 (9th Cir.1991) (restitution is limited to those losses "directly resulting" from the defendant's criminal conduct). In cases where the district courts have denied victims restitution, the courts concluded the losses incurred were not a direct result of the defendant's actions due to "unrelated, intervening cause, or the criminal conduct to which the defendant plead guilty did not cause the loss." *See United States v. Gamma Tech Industries, Inc.,* 264 F.3d 917, 927-928 (9th Cir. 2001).[1]

---

[1] *See, e.g., United States v. Meksian,* 170 F.3d 1260, 1263 (9th Cir.1999) (rejecting mere "but for" standard for proving loss and reversing restitution order in fraudulent loan application case because an intervening cause for the erroneous issuance of the loan, an inaccurate environmental report, was not directly related to the offense conduct); *United States v. Sablan,* 92 F.3d 865, 870 (9th Cir.1996) (reversing restitution order based on consequential damages, such as expenses arising from meetings with law enforcement officers investigating the crime, because such expenses were not necessary

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 4
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

As such, the court has found that "the causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable" and the conduct underlying the conviction offense must have "caused a loss for which a court may order restitution, but the loss cannot be too far removed from that conduct." *Gamma Tech Industries, Inc., 265 F.3d at 927-28, see also United States v. Vaknin,* 112 F.3d 579, 590 (1st Cir.1997) ("[T]he government must show not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal nexus between the conduct and the loss is not too attenuated (either factually or temporally).").

The government must provide enough evidence to allow the Court to estimate the "full amount of the victim's losses" with "some reasonable certainty." *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011) (citing *United States v. Doe,* 488 F.3d 1154, 1159-60 (9th Cir. 2007)). Under the Victim and Witness Protection Act, this Court resolves any dispute as to the proper amount of restitution by the preponderance of the evidence. *See* 18 U.S.C. § 3664(e); *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

A district court may rely on the government's reasonable approximation of loss, and may accept estimates of loss when precision is not possible. *See United States v. Futrell*, 209 F.3d 1286, 1292 (11th Cir. 2000); *United States v. Jackson*, 155 F.3d 942, 948 (8th Cir. 1998); *see also United States v. White*, No. 15-30172, 2016 WL 4088787 at 1 (9th Cir. Aug. 2, 2016) ("We reject White's argument that because the victim has not begun treatment, her projected future medical costs are too speculative to substantiate a restitution award").

The Ninth Circuit directly addressed the issue of restitution ordered for future losses pursuant to 18 U.S.C. § 2259 in child sexual exploitation cases. *See United States v. Laney*, 189 F.3d 954, 966-967 (9th Cir. 1999) (Ninth Circuit affirmed an award of future counseling in relation to a sexual exploitation of a child). District courts may order restitution for future

---

to repair damage caused by defendant's criminal conduct); *United States v. Reed,* 80 F.3d 1419, 1421 (9th Cir.1996) (reversing restitution order based on damage to private vehicles occurring during flight from police where the offense of conviction was illegal possession of a firearm by a felon); *United States v. Tyler,* 767 F.2d 1350, 1351 (9th Cir.1985) (rejecting restitution award under then 18 U.S.C. § 3651 because losses based on depressed market prices were "too remote").

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 5
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

counseling costs of sexual abuse victims and their families even though the costs of counseling have not yet been incurred. *Id*. In *Laney,* the Ninth Circuit upheld an award of six years of counseling for the child victim and her family at an estimated cost of $60,000.00. *Id.* In *Doe*, the Ninth Circuit also mentioned that the Seventh Circuit had upheld an award of $304,200 for *lifetime* counseling sessions. 488 F.3d at 11661; *citing United States v. Danser,* 270 F.3d 451, 455-456 (7th Cir. 2001).

Trial courts have broad discretion in order restitution. The requested award here is warranted in light of the underlying offense conduct, the age of the victim, and the anticipated long-term counseling needs. The victim's mother incurred property damage and medical costs related to the physical and psychological manifestations the victim suffered as a direct result of the defendant's repeated sexual abuse and exploitation, to include termination of a pregnancy at age fourteen. Medical and psychological treatment were undoubtedly a reasonably foreseeable response to the Defendant's offense conduct. The temporal and causal connection in this case between the discovery of Defendant's sexual abuse of MV1 (October 30, 2017) and the subsequent medical and mental health care required to date (October 31, 2017 through December 25, 2018) as plainly captured and documented in the victim's mother concise and organized restitution materials previously filed, are direct, readily apparent, and reasonable. *See* Dkt. 44.

The medical and counseling costs incurred by the victim are contemplated the language of the statute and supported by reliable evidence of loss. The victim's mother has provided receipts, documentation, and emails in addition to both the victim and her mothers' statements to the Court at sentencing. *See* Dkt. 44.[2] The victim's mother's statement at sentencing coupled with the letter detailing the expenses incurred due to the lasting effects of the Defendant's crimes undeniably establish the victim suffered severely as a *direct result* of the Defendant's conduct. Dkt. 44 at 2-4, 28-33.

---

[2] A transcript of the victim and her mothers' statements at sentencing has been ordered and shall be provided upon receipt.

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 6
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

The victim's therapist provided documentation which supports this restitution request demonstrating the victim's need for future treatment as she grows into a young woman, "[a]s [the victim] is young, when she approaches and participates in each developmental state of her life, new thoughts and memories will emerge." Dkt. 44 at 12. Based upon the victim's age and counseling needs, the therapist estimated the victim will need forty five sessions of therapy per year for a period of three to four years at the rate of $170.00 per session with a total anticipated cost of $30,600.00. *Id. See United States v. Crandon*, 173 F.3d 122, 126 (3d Cir. 1999) (defendant required to pay victim's restitution even though victim may have suffered pre-existing, untreated psychological problems prior to her relationship with the defendant) *cited by Doe,* 488 F.3d 1161-62 (9th Cir. 2007) ("perfectly reasonable for the District Court to conclude that the additional strain or trauma stemming from [Doe's] actions was a substantial factor in causing the ultimate loss.").

The Ninth Circuit has affirmed that the causation determination – as it relates to restitution in the child exploitation context — is not a standard that should even approach mathematical precision. *United States v. Doe*, 488 F.3d 1154, 1159- 1160 (9th Cir. 2007). Instead, a simple rule of reasonableness is applied. *Id.* at 1160. On appeal, the restitution award is reviewed under the abuse of discretion standard and will be upheld "if the district court was able to estimate, based upon facts in the record, the amount of the victim's loss with some reasonable certainty." *Id.* at 1160-1161. In *Doe* the Ninth Circuit affirmed an award of restitution that included: two years' worth of psychological treatment for each child victim; testing for sexually transmitted diseases; costs for alternative education programs and vocational training for the victims; and a management fee to a case worker at the World Vision Foundation. *Id.* at 1161-1162.

Returning to the instant case, the victim's medical and psychological injuries and emotional outbursts resulting in property damage are inextricably a direct result of the harms inflicted by the Defendant. The evidence provided indicates that the victim began psychological counseling and needed medical care related suicidal ideation and post-

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 7
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

traumatic stress disorder after she suffered the harms inflicted by the Defendant and *because* of the harms inflicted by Defendant. *See* Dkt. 44, Ex. 2, at 2-4.

As to the $5,000.00 "borrowed" by the Defendant during the sexually exploitive and abusive relationship with the victim, there is no doubt the defendant should be ordered to repay the "loan." *See* Dkt. 44, Ex. 2 at 34-40, *victim sentencing statement.*[3]

The United States has provided the Court with sufficient evidence to calculate the incurred restitution in this case with reasonable certainty. It has also provided the Court with sufficient evidence to calculate a reasonable approximately of losses incurred by medical bills and treatment historically and as to future therapy needs. Pursuant to § 3664(f)(1)(A), the Court should order full restitution for medical and mental health treatment costs incurred by the victim's mother as a result of the Defendant's longstanding sexual abuse of the victim, without regard to Defendant's economic circumstances.

## IV. CONCLUSION

For the forgoing reasons, the government respectfully recommends that the Court impose restitution in the amount of $72,503.39 pursuant to 18 U.S.C. § 3664 as requested by the minor victim's mother and supported by the exhibits referenced herein.

DATED this 1st day of March 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Special Assistant United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Email: cecelia.gregson@usdoj.gov

---

[3] A transcript of the victim and her mothers' statements at sentencing has been ordered and shall be provided upon receipt.

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 8
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.

*s/ Emily A. Miller*
EMILY A. MILLER
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2267
FAX: (206) 553-0755
E-mail: emily.miller@usdoj.gov

GOV'S RESPONSE TO DEFENDANT'S RESTITUTION MEMO - 9
CR18-090 JCC; THOMAS MAHONEY

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970