THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THOMAS MAHONEY,<br><br>　　　　　　　Defendant. | CASE NO. CR18-0090-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Thomas Mahoney's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 62). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the parties' motions to file overlength motions and briefs (Dkt. Nos. 61, 65, 72), DENIES Mr. Mahoney's motion for compassionate release (Dkt. No. 62), GRANTS the Government's motion to seal (Dkt. No. 67), and DENIES the Government's motion to file a surreply (Dkt. No. 76) for the reasons explained herein.

I.   BACKGROUND

In September 2018, Mr. Mahoney pleaded guilty to three counts of traveling with intent to engage in a sexual act with a minor and one count of enticing a minor. (*See* Dkt. No. 25 at 2.) On March 12, 2019, the Court sentenced Mr. Mahoney to 10 years in prison with a projected release date of October 31, 2026, followed by 10 years of supervised release. (*See* Dkt. Nos. 62

at 1, 66 at 3.) Mr. Mahoney now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 62.) Mr. Mahoney argues that he has "chronic health problems that would make him particularly susceptible to complications from a COVID-19 infection," including pre-diabetes, hypertension/high blood pressure, and morbid obesity. (*Id.* at 2.) Mr. Mahoney also claims that his leukemia treatment in 2016 might contribute to his vulnerability to COVID-19. (*Id.*)

## II.  DISCUSSION

### A.  Defendant's Motion for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] The Sentencing Commission's relevant policy statement adds that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community." United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) create a three-step process: the court must first decide whether extraordinary and compelling reasons warrant release, then assess whether the defendant will be a danger to the community upon release, and then determine whether a reduction in the defendant's sentence is consistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

### *1.  Extraordinary and Compelling Reasons for Release*

A court may find extraordinary and compelling reasons to release a defendant if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially

---

[1] Mr. Mahoney presented a request for compassionate release to the warden of his facility more than 30 days before filing the present motion. (*See* Dkt. Nos. 62 at 2–3, 66 at 8.) Thus, Mr. Mahoney has satisfied the exhaustion requirement of 18 U.S.C. 3582(c)(1)(A).

diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2] 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). Health conditions that make an inmate significantly more vulnerable to COVID-19 may constitute extraordinary and compelling circumstances. *See United States v. Cosgrove*, Case No. C15-0230-RSM (W.D. Wash. 2020); *United States v. Dorsey*, Case No. CR16-0138-BLW-JCC (W.D. Wash. 2020).

Here, Mr. Mahoney suffers from several health conditions. (*See* Dkt. No. 62 at 2.) Of those, obesity is the only condition that appears on the CDC's list of medical conditions that increases the risk of severe complications due to COVID-19. *See* "Coronavirus Disease 2019, High-Risk Conditions," https://www.cdc.gov/coronavirus/ 2019-ncov/hcp/underlying-conditions.html.[3] The Government concedes that "having a heightened risk factor identified by the CDC constitutes an extraordinary and compelling reason." (*See* Dkt. No. 66 at 10.) Assuming without deciding that this is true within the meaning of U.S.S.G. § 1B1.13 cmt. n.1, the Court FINDS that Mr. Mahoney has identified extraordinary and compelling circumstances that justify a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

### 2. *Danger to the Safety of Any Other Person or to the Community*

Having found that extraordinary and compelling circumstances exist, the Court turns to whether Mr. Mahoney presents a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2). In making this determination, the court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to

---

[2] The Court declines to address whether Mr. Mahoney may invoke U.S.S.G. § 1B1.13 cmt. n.1(D)'s "'catch-all' provision" to find his circumstances extraordinary and compelling. (*See* Dkt. No. 62 at 7–10.)

[3] Hypertension "may increase [the] risk of severe illness" due to COVID-19, while "it is not known whether having a history of cancer increases [the] risk." *See* "Coronavirus Disease 2019, High-Risk Conditions," https://www.cdc.gov/coronavirus/ 2019-ncov/hcp/underlying-conditions.html.

any person or the community. *See* 18 U.S.C. § 3142(g).

Here, Mr. Mahoney has not shown that he would no longer pose a danger to the community if released. Mr. Mahoney's criminal conduct was reprehensible. In his plea agreement, Mr. Mahoney admitted to knowingly traveling out of Washington to perform sexual acts with his minor victim. (*See* Dkt. No. 25 at 6–7.) In 2018, according to psychosexual evaluations, Mr. Mahoney had an average static risk of facing similar criminal charges in the future and had a high dynamic risk of becoming involved in "socially marginal situations" in the future. (*See* Dkt. No. 74 at 22–23.) Nonetheless, Mr. Mahoney argues that if he is released, he would be adequately supervised through restricting or monitoring his authorized internet usage, restrictions which already are included in the terms of his supervised release. (Dkt. No. 62 at 18.) However, this does not assuage the Court's concern that Mr. Mahoney may easily find alternative means to contact potential victims. Moreover, the Government aptly notes that, due the COVID-19 pandemic, typical probationary procedures are impractical, (*see* Dkt. No. 66 at 14), and Mr. Mahoney does not propose substitute measures (*see* Dkt. No. 62 at 17–19). Therefore, having considered the factors set forth by 18 U.S.C. § 3142(g), the Court FINDS that Mr. Mahoney is a danger to the safety of the community.

### 3.  18 U.S.C. § 3553(a) Factors

In determining whether to grant a defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court must also consider any relevant factors set forth in 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.13. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, avoidance of sentencing disparities, and the need to provide victims with restitution. *See* 18 U.S.C. § 3553(a).

As discussed above, Mr. Mahoney's underlying criminal conduct was serious. He demonstrated disregard for the well-being of the minor victim, and the effects of his actions will likely remain with her for the rest of her life. (*See* Dkt. No. 69 at 37.) The Court believes the 10-

year sentence it originally imposed is necessary to adequately address the nature of Mr. Mahoney's crime, and Mr. Mahoney has served less than half of that sentence. Therefore, the Court FINDS that the applicable factors set forth by 18 U.S.C. § 3553(a) weigh against granting Mr. Mahoney compassionate release.

### B. Motion to Seal

The Government moves to maintain under seal several exhibits attached to its response to Mr. Mahoney's motion for compassionate release, arguing that they contain personal information that should not be made available to the public. (*See* Dkt. No. 67 at 2.) The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibits at issue contain identifying information about the victim, records of her mental health, and how cyberstalking related to the case has affected her. (*See* Dkt. Nos. 68, 69, 70.) This information is intensely personal to the victim and is not currently in the public realm. (*See* Dkt. Nos. 68, 69, 70.) Therefore, there is a compelling interest in maintaining the confidentiality of such records that outweighs the public's interest in their disclosure. *See Kamakana*, 447 F.3d at 1179. Thus, the Court finds good cause and GRANTS the Government's motion.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion for compassionate release (Dkt. No. 62). The Court hereby GRANTS the parties' motions to file overlength briefs (Dkt. Nos. 61, 65, 72), GRANTS the Government's motion to seal (Dkt. No. 67), and DENIES the Government's motion to file a surreply (Dkt. No. 76). The Clerk is DIRECTED to maintain Docket Numbers 68, 69, and 70 under seal until further order of the Court.

DATED this 17th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE